**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| CYNTHIA M. SYKES, | ) | NO. ED CV 06-64-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JO ANNE B. BARNHART, COMMISSIONER | ) | **AND ORDER OF REMAND** |
| OF SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on January 19, 2006, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on April 5, 2006.

1    Plaintiff filed a motion for summary judgment on July 3, 2006.

2    Defendant filed a cross-motion for summary judgment on July 25, 2006.

3    The Court has taken the motions under submission without oral

4    argument.  See L.R. 7-15; "Order," filed January 23, 2006.

5

6                    BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

7

8    Plaintiff asserts disability based primarily on alleged pain

9    (Administrative Record ("A.R.") 246-53).  The Administrative Law

10   Judge ("ALJ") found that Plaintiff retains the residual functional

11   capacity to perform her past relevant work (A.R. 27-28).  In so

12   finding, the ALJ rejected a more restrictive physical capacities

13   assessment signed by Dr. Henry Co, Plaintiff's treating physician

14   (A.R. 23, 25-26, 164-66).  The ALJ stated, "Dr. Co completed a

15   physical capacities assessment but he clarified that the assessment

16   of the claimant's limitations were the claimant's own depicted

17   limitations" (A.R. 26).  The Appeals Council denied review (A.R. 6-

18   8).

19

20                            STANDARD OF REVIEW

21

22   Under 42 U.S.C. section 405(g), this Court reviews the

23   Commissioner's decision to determine if: (1) the Commissioner's

24   findings are supported by substantial evidence; and (2) the

25   Commissioner used proper legal standards.  See Swanson v. Secretary,

26   763 F.2d 1061, 1064 (9th Cir. 1985).

27   ///

28   ///

1                                    **DISCUSSION**

2

3   **I.   The ALJ Improperly Rejected the Assessment Signed By Plaintiff's**

4        **Treating Physician Without Inquiring Further of that Physician.**

5

6        A treating physician's conclusions "must be given substantial

7   weight." <u>Embrey v. Bowen</u>, 849 F.2d 418, 422 (9th Cir. 1988); <u>see</u>

8   <u>Rodriquez v. Bowen</u>, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must

9   give sufficient weight to the subjective aspects of a doctor's

10  opinion . . .  This is especially true when the opinion is that of a

11  treating physician") (citation omitted).  Even where the treating

12  physician's opinions are contradicted,[1] "if the ALJ wishes to

13  disregard the opinion[s] of the treating physician he . . . must make

14  findings setting forth specific, legitimate reasons for doing so that

15  are based on substantial evidence in the record." <u>Winans v. Bowen</u>,

16  853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets

17  omitted); <u>see Rodriquez v. Bowen</u>, 876 F.2d at 762 ("The ALJ may

18  disregard the treating physician's opinion, but only by setting forth

19  specific, legitimate reasons for doing so, and this decision must

20  itself be based on substantial evidence") (citation and quotations

21  omitted); <u>McAllister v. Sullivan</u>, 888 F.2d 599, 602 (9th Cir. 1989)

22  ("broad and vague" reasons for rejecting the treating physician's

23  opinions do not suffice); <u>Embrey v. Bowen</u>, 849 F.2d at 421 ("To say

24  that medical opinions are not supported by sufficient objective

25  findings or are contrary to the preponderant conclusions mandated by

26  _____

27       [1]    Rejection of an uncontradicted opinion of a treating
    physician requires a statement of "clear and convincing"
    reasons.  <u>Smolen v. Chater</u>, 80 F.3d 1273, 1285 (9th Cir. 1996);

28  <u>Gallant v. Heckler</u>, 753 F.2d 1450, 1454 (9th Cir. 1984).

                                       3

1  the objective findings does not achieve the level of specificity our

2  prior cases have required . . .").

3

4     In the present case, the ALJ rejected the assessment signed by

5  Dr. Co based on the ALJ's belief that the assessment derived not from

6  Dr. Co's professional opinion, but rather from Plaintiff's own

7  subjective complaints.  It is clear that some of Dr. Co's assessment

8  merely parroted the subjective complaints of Plaintiff, but it does

9  not appear probable that all of the assessment was of this nature

10  (A.R. 164-66).  For example, the part of the assessment indicating

11  that Plaintiff's medications can affect her concentration and ability

12  to work may well have derived from Dr. Co's medical expertise.  On

13  the present ambiguous record, the ALJ should have attempted to

14  clarify the bases for all material portions of Dr. Co's assessment

15  rather than presume that the bases consisted solely of Plaintiff's

16  subjective complaints.  See 20 C.F.R. § 404.1512(e)(1) (the

17  Administration "will seek additional evidence or clarification from

18  your medical source when the report from your medical source contains

19  a conflict or ambiguity that must be resolved, the report does not

20  contain all the necessary information, or does not appear to be based

21  on medically acceptable clinical and laboratory diagnostic

22  techniques"); see Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir.

23  1996) ("If the ALJ thought he needed to know the basis of Dr.

24  Hoeflich's opinions in order to evaluate them, he had a duty to

25  conduct an appropriate inquiry, for example, by subpoenaing the

26  physicians or submitting further questions to them.  He could also

27  have continued the hearing to augment the record") (citations

28  omitted); see also Brown v. Heckler, 713 F.2d 441, 443 (9th Cir.

1   1983) ("the ALJ has a special duty to fully and fairly develop the

2   record and to assure that the claimant's interests are considered").

3

4   **II.   Remand is Appropriate.**

5

6       When a court reverses an administrative determination, "the

7   proper course, except in rare circumstances, is to remand to the

8   agency for additional investigation or explanation." INS v. Ventura,

9   537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is

10  proper where, as here, additional administrative proceedings could

11  remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d

12  599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d

13  1496, 1497 (9th Cir. 1984).

14

15      The Ninth Circuit's decision in Harman v. Apfel, 211 F.3d 1172

16  (9th Cir.), cert. denied, 531 U.S. 1038 (2000) ("Harman") does not

17  compel a reversal rather than a remand of the present case.   In

18  Harman, the Ninth Circuit stated that improperly rejected medical

19  opinion evidence should be credited and an immediate award of

20  benefits directed where "(1) the ALJ has failed to provide legally

21  sufficient reasons for rejecting such evidence, (2) there are no

22  outstanding issues that must be resolved before a determination of

23  disability can be made, and (3) it is clear from the record that the

24  ALJ would be required to find the claimant disabled were such

25  evidence credited."  Harman at 1178 (citations and quotations

26  omitted).  Assuming, arguendo, the Harman holding survives the

27

28

5

1  Supreme Court's decision in <u>INS v. Ventura</u>, 537 U.S. 12, 16 (2002),[2]

2  the <u>Harman</u> holding does not direct reversal of the present case.

3  Here, the ALJ must recontact Dr. Co concerning "outstanding issues

4  that must be resolved before a determination of disability can be

5  made."  In addition, it is not clear from the record that the ALJ

6  would be required to find Plaintiff disabled for the entire claimed

7  period of disability were Dr. Co's opinions fully credited.

8

9                              **CONCLUSION**

10

11      For all of the foregoing reasons,[3] Plaintiff's and Defendant's

12  motions for summary judgment are denied and this matter is remanded

13  for further administrative action consistent with this Opinion.

14

15      LET JUDGMENT BE ENTERED ACCORDINGLY.

16

17      DATED:  August 3, 2006.

18

19                              _____/S/_____

20                              CHARLES F. EICK
                                UNITED STATES MAGISTRATE JUDGE

21

22

23      [2]    The Ninth Circuit has continued to apply <u>Harman</u> despite

24  <u>INS v. Ventura</u>.  <u>See</u> <u>Benecke v. Barnhart</u>, 379 F.3d 587, 595
    (9th Cir. 2004).

25      [3]    The Court has not reached any of the other issues raised

26  by Plaintiff, except insofar as to determine that a reversal to
    direct the immediate payment of benefits would not be appropriate.

27  The Court does observe, however, that remand will give the
    Administration an opportunity further to address the drug-related

28  assumption by the ALJ that Defendant now concedes may have been
    erroneous (Defendant's Motion at 6, n.3).